**STEPHEN B. IRWIN**
**ATTORNEY AT LAW, PLLC**
59-14 146TH STREET
FLUSHING, N.Y. 11355
TEL. (718) 874-8423     FAX (347) 523-5871

March 29, 2016

Richard J. Sullivan, U.S.D.J.
U.S. District Court
40 Foley Square
New York, N.Y. 10007

Re:   Guo Qiang Xu v. Amy Doe, et al.
        Index No. 15-CV-4710

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-4-16
```

Dear Judge Sullivan:

    In response to Order, I submit the following in response to show cause why I should not be sanctioned in for the failure to comply with the Court's Orders:

    As I tried to explain to the Court on the morning of March 14, 2016, I was appearing on this case as substitute counsel simply to inform the Court with what I thought would be good news; that a proposed settlement had been reached with opposing counsel. I was not, and have never been counsel of record for the plaintiff. I was asked by Mr. Porges to appear on March 14th because no one else was available. In NYS courts, substitute counsel appear for counsel of record on a regular basis, particularly for counsel who are solo practitioners.

    Since I was never counsel of record for plaintiff, I was completely unprepared for the Court's questioning about the case. As a result, I made mistakes in my answers to the Court. Neither Ms. Ye, Mr. Francis, nor I are "of counsel" or otherwise employed by REP Law Associates. None of us have an office at REP Law Associates. I am a solo practitioner who had accepted referral cases from REP Law Associates as well as other firms.

    After reviewing my files, I can tell the Court that I didn't spend any time on the plaintiff's case other than appearing at the March 14th conference. At that time, I was pressed for answer so I answered less than 5 hours. I also correct my answer to the Court regarding Ms. Ye. I had met Ms. Ye in the past and needed her assistance as an interpreter on one of my cases. At the conference, I had forgotten that I met Ms. Ye. I can confirm my statement to the Court that I have never met Mr. Francis.

REP Law Associates never referred plaintiff's case to me, therefore, I do not intend to become the attorney of record. I answered the Court that I believed Mr. Francis had taken over the case from Ms. Ye, but I am not certain. Other than appearing on the case for one conference, I have nothing to do with the case.

I would also like the Court to know that Mr. Porges never asked me to do anything which was illegal or unethical. As the Court noted, Mr. Porges was convicted and disbarred, but is now approaching 80 years old and trying to support a wife and two daughters. I considered the plight of Mr. Porges to be similar to that of former Chief Justice of the NYS Court of Appeals, Sol Wachtler. They are both trying to make amends for their past.

For the above explanations and reasons, I respectfully ask the Court not to impose sanctions on me.

Respectfully yours,

Stephen B. Irwin