UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-21-16
```

GUO QIANG XU,

               Plaintiff,

-v-

UMI SUSHI, INC., *et al.*,

               Defendants.

No. 15-cv-4710 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Now before the Court are (1) the Court's *sua sponte* motion to sanction attorneys Min Hui Ye ("Ms. Ye"), Stephen B. Irwin ("Mr. Irwin"), and Clement A. Francis ("Mr. Francis") for their failure to comply with the Court's prior Orders and Ms. Ye's failure to comply with Local Civil Rule 1.4 (*see* Doc. No. 27); (2) Ms. Ye's tardy motion to withdraw as counsel of record for Plaintiff Guo Qiang Xu ("Plaintiff") pursuant to Local Civil Rule 1.4 (Doc. No. 28); and (3) Plaintiff's motion to substitute John Troy ("Mr. Troy") for Ms. Ye as Plaintiff's counsel of record (Doc. No. 34). For the reasons set forth below, the Court sanctions Ms. Ye $2,500 and Mr. Irwin $5,000; declines to sanction Mr. Francis; and grants Ms. Ye's motion to withdraw and Plaintiff's corresponding motion to substitute Mr. Troy as Plaintiff's counsel of record.

I. BACKGROUND

On June 19, 2015, Plaintiff commenced this action under the Fair Labor Standards Act ("FLSA") by filing a Complaint through his then-attorney, Ms. Ye. (Doc. No. 10.) To date, Ms. Ye is the only attorney who has filed a notice of appearance on behalf of Plaintiff in this action; however, while Ms. Ye is listed as a "solo practitioner" on the docket sheet, her signature block

on the Complaint indicates that she is a lawyer at a firm in Flushing, Queens – "REP Law Associates." On September 8, 2015, the Court held an initial conference, at which Ms. Ye appeared on behalf of Plaintiff. At that time, the Court set a discovery schedule, and also sanctioned Ms. Ye and Defendants' counsel $100 each for their failure to comply with the Court's prior Orders regarding the submission of a joint letter and proposed case management plan in advance of the initial conference. (*See* Doc. No. 22.)

On February 19, 2016, discovery closed and, pursuant to the Court's Individual Rules and Practices, Defendants submitted a pre-motion letter regarding their contemplated motion for summary judgment. (Doc. No. 24.) On February 26, 2016, the Court issued an Order directing Plaintiff to file a response to Defendants' pre-motion letter by March 4, 2016, and to also explain in that submission why Plaintiff should not be sanctioned for failing to comply with Rule 2.A of the Court's Individual Rules and Practices, which requires an opposing party to file a response to a pre-motion letter within three business days. (Doc. No. 25 (the "February 26 Order").) The Court also directed counsel to appear for a pre-motion and show-cause conference on March 14, 2016.

Despite the Court's February 26 Order, Ms. Ye did not file a response to Defendants' pre-motion letter before (or after) March 4, 2016, nor did she appear for the March 14 conference. Instead, a different lawyer – Mr. Irwin – appeared at the conference, even though, at that time, Ms. Ye had not requested to be relieved as counsel of record and Mr. Irwin had not filed a notice of appearance in this action. At the March 14 conference, when confronted by the Court about these failures, Mr. Irwin stated that they had been an oversight and asserted that his firm – REP Law Associates – had been retained in December 2015 to replace Ms. Ye as Plaintiff's counsel in this matter. (*See* Mar. 14, 2016 Transcript ("Mar. 14 Tr.").) Mr. Irwin also stated on the record that

he was "of counsel" at REP Law Associates, and he gave the Court's clerk a business card that included both his name and REP Law Associates' name and listed a business address in Flushing. (*Id.* at 7.)

The Court then asked Mr. Irwin questions to clarify his involvement in this case. Specifically, when asked about his relationship with Ms. Ye, Mr. Irwin stated on the record that he had never met or worked with Ms. Ye and that Ms. Ye was *not* affiliated with REP Law Associates. (*Id.* at 2; *see also id.* at 12–13.) When asked about Plaintiff's failure to respond to the Court's February 26 Order, Mr. Irwin stated that he was unaware of it, and acknowledged that he had not viewed the docket sheet in this case; he further indicated that he had no intention of filing a notice of appearance as Plaintiff's counsel of record. (*Id.* at 2–3.) Mr. Irwin nevertheless advised the Court that the parties had reached a settlement, which he suggested made the Court's prior Orders, and counsel's noncompliance with them, irrelevant. (*Id.* at 3–4, 7.) When reminded that this was an FLSA case and that therefore the Court was required to approve any settlement for fairness, Mr. Irwin betrayed ignorance of both the law and the terms of the settlement. (*See id.* at 3, 5; *see also id.* at 8.) At that point, defense counsel stood up and stated that the settlement provided for a total cash payment of $12,000, with one third going to attorneys' fees. (*Id.* at 5–6.) When pressed as to who had negotiated the settlement on behalf of Plaintiff, defense counsel indicated that the settlement was negotiated via email with an unidentified person using an email address associated with REP Law Associates. (*Id.* at 6, 8.) Mr. Irwin conceded that he played no role in the settlement negotiations, at which point defense counsel speculated that the person on the other end of the email might have been an attorney named Clement A. Francis, who had appeared for Plaintiff's deposition in February 2016. (*Id.* at 9.) When further pressed by the Court,

Mr. Irwin stated that he knew Mr. Francis to be a lawyer associated with REP Law Associates, but that he had never met or worked with Mr. Francis on this or any other matter. (*Id.* at 9, 13.)

Perplexed by these representations, the Court inquired as to how Mr. Irwin came to learn about, and appear on behalf of Plaintiff at, the March 14 conference. In response, Mr. Irwin admitted that he had been directed to appear at the conference by Robert E. Porges ("Mr. Porges"), whom Mr. Irwin described as a retired attorney who was no longer licensed to practice law. (*Id.* at 14–15.) When pointedly asked by the Court whether Mr. Porges' "retirement" had been prompted by disciplinary action taken against him in this or any other court, Mr. Irwin reluctantly conceded that he believed so. (*Id.* at 15.) In fact, a subsequent inquiry by the Court revealed that Mr. Porges was previously convicted of immigration fraud in this District and sentenced to an eight-year term of imprisonment by Judge Cote in *United States v. Robert Porges*, No. 00-cr-934 (DLC). As a result of his conviction, Mr. Porges was subsequently disbarred and removed from the rolls of the New York State Courts and the federal immigration courts, and most recently was stricken from the roll of practicing attorneys in this District following the Court's below-mentioned referral of this matter to the Southern District of New York's Grievance Committee. There is no evidence to suggest that Mr. Porges has ever sought or received reinstatement as an attorney following his release from prison on August 18, 2009.

As indicated above, on March 15, 2016, the Court scheduled a show-cause hearing and ordered Ms. Ye, Mr. Irwin, and Mr. Francis to each submit a letter to the Court in advance of the hearing explaining why they should not be sanctioned for their failure to comply with the Court's February 26 Order and Local Civil Rule 1.4 and why Mr. Irwin and Mr. Francis should not be sanctioned in connection with their representation of Plaintiff, including their failure to enter notices of appearance in this case. (Doc. No. 27 (the "March 15 Order").) In addition, the Court

ordered these attorneys to clarify their involvement in this case, including whether any of them intended to represent Plaintiff going forward, and stayed this action pending the Court's determination as to who is Plaintiff's counsel of record.

On March 16, 2016, Mr. Porges submitted an unsolicited letter to the Court regarding REP Law Associates, which he described as "a service organization . . . provid[ing] client referrals, Chinese-English interpretation, scheduling, and paperwork preparation"; Mr. Porges also asserted that Mr. Irwin falsely advised the Court that he had "had no prior dealings with Ms. Ye," when in fact, Mr. Irwin and Ms. Ye have "appeared in federal court" together on at least "two occasions." (Doc. No. 30.) Relatedly, since the March 14 conference, the Court has separately identified other FLSA cases in this District involving the same attorneys (that is, Ms. Ye, Mr. Irwin, and/or Mr. Francis and REP Law Associates). *E.g.*, *Ching v. La Vie en Szechuan Rest. Corp.*, No. 15-cv-6313 (VSB); *Huang v. Hunan House Manor, Inc.*, No. 14-cv-3277 (VSB).

On March 23, 2016, Ms. Ye moved to withdraw as Plaintiff's counsel of record pursuant to Local Civil Rule 1.4. (Doc. No. 28.) On or about March 25, 2016, Ms. Ye, Mr. Irwin, and Mr. Francis each filed a letter in response to the Court's March 15 Order (Doc. Nos. 29, 32, and 33), and on April 5, 2016, they appeared for a show-cause hearing. (*See* Apr. 5, 2016 Transcript ("Apr. 5 Tr.").)

At the April 5 hearing, Ms. Ye stated that she ceased practicing law in the fall of 2015 and recently accepted a job with the New York State Office of the Medicaid Inspector General. (*Id.* at 18.) Despite these significant changes, Ms. Ye conceded at the hearing that she did not move to withdraw as Plaintiff's counsel of record at any point in the fall or even in the winter of 2015, apparently because it was "too much trouble" to formally withdraw at that time. (*Id.* at 18–19.) As for counsel's relationship with Mr. Porges, Ms. Ye, Mr. Irwin, and Mr. Francis each

acknowledged in their written and oral statements to the Court that they had appeared in court proceedings in this case and/or in other cases at the direction of Mr. Porges. (*E.g.*, *id.* at 5, 8, 10–11; *see also* Doc. Nos. 29 and 32.) Although Ms. Ye and Mr. Francis insisted that they were unaware that Mr. Porges had been disbarred and believed him to be a licensed attorney, Mr. Irwin conceded that he was aware of Mr. Porges' conviction and subsequent disbarment at all times relevant to this case. (*See* Apr. 5 Tr. at 14–16; *see also id.* at 20.) And while Mr. Irwin's letter contradicted his prior statements at the March 14 conference and disavowed any relationship with REP Law Associates, at the April 5 hearing, he ultimately acknowledged that he had received business cards from Mr. Porges bearing the firm's name and his own name, that his name is on the door of REP Law Associates' office in Flushing along with Mr. Porges' name, and that he has used REP Law Associates' letterhead in other cases. (*Id.* at 15–17.) Moreover, at the April 5 hearing, after initially evading the Court's questions on the issue, Ms. Ye conceded that she had been fully reimbursed by Mr. Porges for the $100 sanction previously imposed by the Court on September 18, 2015; in addition, Mr. Irwin admitted that he received $250 from Mr. Porges for his March 14 court appearance. (*Id.* at 28–30.) However, each lawyer denied participating in the settlement discussions with defense counsel and disclaimed any expectation of receiving any portion of that settlement as attorneys' fees. (*See id.* at 21–22; *see also id.* at 28–30.)

## II. Discussion

### A. Sanctions

Pursuant to Federal Rule of Civil Procedure 16(f) and its inherent power, a district court may issue an order imposing sanctions on a party or his attorney for "fail[ing] to appear at a scheduling or other pretrial conference" or "fail[ing] to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f); *see Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002) (a district court has inherent power to sanction an attorney "for disobeying [the] court's orders"); *see also Mahoney v.*

*Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 369 (E.D.N.Y. 2013) (sanctioning plaintiff's counsel $3,500 pursuant to Rule 16(f) for "failure to comply with multiple court orders"); *McConnell v. Costigan*, No. 00-cv-4598 (SAS), 2002 WL 313528, at *15 (S.D.N.Y. Feb. 28, 2002) (imposing monetary sanction of $1,000 for failure to comply with the court's prior scheduling order).  In addition, pursuant to Federal Rule of Civil Procedure 11 and its inherent sanctions power, a district court has the authority to sanction an attorney for making false statements to the court.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (district courts have inherent power to sanction a party "for conduct which abuses the judicial process"); *Macolor v. Libiran*, No. 14-cv-4555 (JMF), 2015 WL 1267337, at *4 (S.D.N.Y. Mar. 18, 2015) ("[Defense counsel's] false statements provide an additional basis for further sanctions.  Rule 11 of the Federal Rules of Civil Procedure authorizes a [c]ourt to impose sanctions for deliberately making false statements to the [c]ourt."); *Lohan v. Perez*, 924 F. Supp. 2d 447, 459–60 & 460 n.9 (E.D.N.Y. 2013) (sanctioning plaintiff's counsel $750 for making "false representation[s]" in a written submission to the court and an additional $750 for filing a "plagiarized" brief – conduct which the court noted "likely . . . violate[d]" New York's "Rule of Professional Conduct 8.4 . . . prohibit[ing] a lawyer from 'engaging in conduct involving dishonesty, fraud, deceit or misrepresentation'"); *Selby v. Arms*, No. 93-cv-6481 (DLC), 1995 WL 753894, at *9 (S.D.N.Y. Dec. 20, 1995) (dismissing case as a sanction in light of "the conduct of the plaintiff and her counsel," including their "persistent and unexcused disregard" of the court's discovery orders and counsel's "false statements to the [c]ourt"); *see also Shangold v. Walt Disney Co.*, 275 F. App'x 72, 74 (2d Cir. 2008) (affirming district court's dismissal of the complaint as a sanction pursuant to its inherent powers where the plaintiffs made "repeated false statements" to the court "in order to bolster their claims").  Specifically, pursuant to Rule 11, a court may impose "sanctions *sua sponte* upon a finding of

'subjective bad faith' on the part of the individual to be sanctioned." *Macolor*, 2015 WL 1267337, at *4 (citing *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013)). "[C]ourts in this Circuit have found subjective bad faith in a variety of cases, ranging from those involving overtly dishonest or contemptuous behavior, down to those where the court simply regarded an argument as frivolous." *Id.* (alteration in original) (quoting *Cardona v. Mohabir*, No. 14–cv–1596 (PKC), 2014 WL 1804793, at *3 (S.D.N.Y. May 6, 2014)). "Whatever the appropriate definition, making a false statement with the intent to mislead [a c]ourt certainly meets that definition." *Id.* (citation omitted).

As the cases cited above indicate, "[a]ppropriate sanctions" imposed pursuant to Rules 16(f) and 11 and the court's inherent sanctions power "include a fine payable to the Clerk of the Court." *Woo v. City of New York*, No. 93-cv-7007 (AJP) (HB), 1996 WL 284930, at *2 (S.D.N.Y. May 29, 1996); *see Miltope Corp. v. Hartford Cas. Ins. Co.*, 163 F.R.D. 191, 195 (S.D.N.Y. 1995) (noting that "[d]ue regard for the need to vindicate the public interest in the sound administration of justice" warrants "the imposition of a fine, payable to the Clerk of the Court," and that the "purpose" of such fine "imposed upon an offending attorney" is "essentially punitive and deterrent" (citation omitted)); *see, e.g.*, *Macolor*, 2015 WL 1267337, at *4–5 (following an initial sanction of $3,000, the court imposed a second sanction of $6,000 against defense counsel, to be paid to the Clerk of the Court, for counsel's "continued failure to obey the [c]ourt's orders" and for "lying to the [c]ourt" about his conduct, "pursuant to Rules 11 and 16 of the Federal Rules of Civil Procedure as well as the [c]ourt's inherent authority"); *Kerestan v. Merck & Co. Long Term Disability Plan*, No. 05-cv-3469 (BSJ) (AJP), 2008 WL 2627974, at *1 (S.D.N.Y. July 2, 2008) (imposing $3,400 sanction against plaintiff pursuant to "Rule 16(f) and the [c]ourt's inherent authority," to be paid to the Clerk of the Court, for failure to appear at scheduled court conference).

Indeed, the Supreme Court has stated that "sanctions for violation of . . . scheduling orders 'must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Miltope Corp.*, 163 F.R.D. at 194 (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 753 (1980)).

Turning first to Ms. Ye, as discussed above, although she stopped practicing law as of the fall of 2015 and effectively terminated her representation of Plaintiff soon thereafter, she did not inform the Court of these facts, let alone move to withdraw as counsel of record, until late March 2016, and even then, only after the Court's March 15 show-cause Order and the threat of additional sanctions.  Moreover, in the interim, despite the fact that she remains listed as Plaintiff's sole counsel of record, Ms. Ye unilaterally ignored the Court's February 26 Order, failed to appear at the March 14 conference, and otherwise failed to comply with the Court's Individual Rules and Practices.  It is also very troubling that during this time, Ms. Ye was secretly reimbursed by Mr. Porges for the $100 sanction previously imposed on her by the Court.

Accordingly, in light of the conduct described above, Ms. Ye's failure to provide any reasonable explanation justifying her acts, and the fact that Ms. Ye nevertheless continued to disregard court orders and procedural rules even after the Court's prior warning and previously-imposed sanction, the Court finds that sanctions are warranted as to Ms. Ye.  Specifically, the Court finds that a sanction of $2,500 is appropriate and is no "more severe than reasonably necessary to deter repetition of [her] conduct . . . or comparable conduct by similarly situated persons."  *Weiss v. Weiss*, 984 F. Supp. 682, 686 (S.D.N.Y. 1997); *see also Macolor*, 2015 WL 1267337, at *4–5; *Miltope Corp.*, 163 F.R.D. at 195.  This sanction shall be paid to the Clerk of

the Court, since the "victim of the sanctionable conduct is the justice system itself." *Lohan*, 924 F. Supp. 2d at 461.

As for Mr. Irwin, his conduct is clearly even more egregious than Ms. Ye's sanctionable acts. As discussed above, Mr. Irwin appeared at the March 14 conference on behalf of Plaintiff without previously entering a notice of appearance or otherwise providing the Court with advance notice of his representation. In addition, as discussed above, Mr. Irwin made a number of false and misleading statements to the Court regarding his representation of Plaintiff, his relationship with REP Law Associates and Mr. Porges, and his prior connections to Ms. Ye and Mr. Francis. Specifically, at the March 14 conference, Mr. Irwin advised the Court that he had had no prior dealings with Ms. Ye or Mr. Francis, when in fact, he had worked with them on prior occasions, including in connection with other cases in this District. (*Compare* Mar. 14 Tr. at 7, 12, *with* Doc. No. 30, *and* Apr. 5 Tr. at 9.) In addition, Mr. Irwin falsely advised the Court that Mr. Porges "is retired," when in fact, as Mr. Irwin eventually conceded, Mr. Porges was stripped of his license to practice law as a result of his prior felony conviction. (*See* Mar. 14 Tr. at 14–15.) Similarly, Mr. Irwin has maintained that he has not assisted Mr. Porges in practicing law without a license, when in fact, Mr. Irwin has personalized REP Law Associates business cards that were given to him by Mr. Porges, his name hangs on the door of REP Law Associates' office in Flushing (along with Mr. Porges' name), he has previously used REP Law Associates' letterhead in written communications to courts in other cases, and he has appeared at the direction of Mr. Porges in other cases in this District and elsewhere. (*See* Apr. 5 Tr. at 15–16.) Finally, Mr. Irwin stated that he was not getting paid for his work on this case, when in fact, he received at least $250 from Mr. Porges for his court appearance on March 14. (*Compare* Mar. 14 Tr. at 24, *with* Apr. 5 Tr. at 22.)

Moreover, as he conceded, Mr. Irwin was aware at all relevant times of Mr. Porges' status as a convicted felon and disbarred attorney.

Accordingly, for the reasons set forth above, the Court finds that a sanction in the amount of $5,000 is warranted as to Mr. Irwin; as with Ms. Ye, this sanction shall be paid to the Clerk of the Court.[1] *See Eisemann v. Greene*, 205 F.3d 1322, No. 98-cv-9302, 2000 WL 233694, at *4–5 (2d Cir. 2000) (affirming $2,500 monetary sanction "imposed for punitive and deterrent purposes" against defense counsel to be "paid to the Clerk of the Court"); *see also Macolor*, 2015 WL 1267337, at *4–5; *Grenion v. Farmers Ins. Exch.*, No. 12-cv-3219 (JS) (GRB), 2014 WL 1284635, at *10 (E.D.N.Y. Mar. 14, 2014) (sanctioning defendants "$4,185, [payable] to the Clerk of the Court as a[] . . . sanction pursuant to Rule 16(f)(1) for failing to comply with the orders and rules of this [c]ourt").

However, the Court finds that sanctions are not warranted as to Mr. Francis. First, as compared to Ms. Ye and Mr. Irwin, Mr. Francis had a minor role in this case – specifically, his representation of Plaintiff merely consisted of attending Plaintiff's deposition and did not involve any court filings, court appearances, or otherwise require him to enter a notice of appearance in this case. (*See* Apr. 5 at 11–13.) Second, when he was asked to explain himself to the Court pursuant to the March 15 Order (*see* Doc. No. 27), Mr. Francis promptly complied with that Order and appeared to be truthful in his oral and written submissions to the Court. Significantly, unlike Mr. Irwin, Mr. Francis readily acknowledged his much more limited affiliation with REP Law Associates and Mr. Porges. Third, Mr. Francis credibly stated on the record that prior to the

---

[1] The Court has also made a referral to this District's Grievance Committee regarding counsel's conduct and has referred Mr. Porges and Mr. Irwin to the U.S. Attorney's Office for the Southern District of New York for possible criminal violations associated with Mr. Porges' engagement in the unlicensed practice of law. *See United States v. Kurtz*, 237 F.3d 154, 155–56 (2d Cir. 2001) (affirming fraud-related convictions against defendant who falsely held himself out to be an attorney, including in connection with "representing parties in civil cases"); *see also United States v. Thaler*, 229 F. App'x 7, 10 (2d Cir. 2007) (affirming mail and wire fraud convictions against disbarred attorney who falsely "held himself out as a[n] . . . attorney").

11

Court's show-cause proceedings, he was unaware of Mr. Porges' status as a convicted felon and disbarred attorney; moreover, in light of this information, Mr. Francis also indicated that, going forward, he would disassociate himself from Mr. Porges and REP Law Associates.  (*See* Apr. 5 Tr. at 5–6, 30; *see also* Doc. No. 32 at 2.)  In short, the Court finds that while Mr. Francis' conduct is also troubling, there is insufficient evidence from which to conclude that he deliberately violated the February 26 Order or otherwise acted in bad faith in connection with his limited representation of Plaintiff.  *Cf. Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 340–41 (2d Cir. 1999) ("[W]e cannot conclude that the [alleged wrongdoing] was anything more than the result of poor legal judgment."); *Homkow v. Musika Records, Inc.*, No. 04-cv-3587 (KMW) (THK), 2009 WL 721732, at *23 (S.D.N.Y. Mar. 18, 2009) (declining to sanction defense counsel where the evidence in the record merely indicated that he did "a woefully inadequate job of investigating the veracity of his client's assertions" and not that he necessarily "acted in bad faith" or "knew that . . . statements" he made "on behalf of his clients" "were false or intentionally misleading").  Accordingly, for the reasons set forth above, the Court finds that sanctions are not warranted as to Mr. Francis.

### B.  Substitution of Plaintiff's Counsel of Record

As noted above, the Court is also in receipt of (1) Ms. Ye's tardy motion to withdraw as Plaintiff's counsel of record pursuant to Local Civil Rule 1.4 on the ground that she now works for the New York State Office of the Medicaid Inspector General and is no longer in private practice (Doc. No. 28), and (2) Mr. Troy's corresponding motion to be substituted as Plaintiff's counsel of record (Doc. No. 34).  Defendants do not object to these motions.  Accordingly, having reviewed the relevant submissions, the Court GRANTS both motions and therefore substitutes Mr. Troy for Ms. Ye as Plaintiff's counsel of record.

III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT Ms. Ye is sanctioned $2,500 and Mr. Irwin is sanctioned $5,000. Ms. Ye and Mr. Irwin shall each submit their respective sanction payment, along with a copy of this Order, to the Clerk of the Court, by July 1, 2016.

In addition, in light of the above order substituting Mr. Troy for Ms. Ye, IT IS FURTHER ORDERED THAT, by June 29, 2016, Mr. Troy shall enter a notice of appearance as Plaintiff's new counsel of record in this case.

IT IS FURTHER ORDERED THAT, by July 1, 2016, Plaintiff – through Mr. Troy – and Defendants shall file a joint letter regarding proposed next steps in this case, including scheduling a fairness hearing to the extent that the parties have in fact reached a proposed settlement agreement.

This Order will not affect the Court's (1) referral of this matter to this District's Grievance Committee for possible discipline in connection with counsel's conduct, and (2) referral to the U.S. Attorney's Office for the Southern District of New York for possible criminal violations relating to the unlicensed practice of law by Mr. Porges.

The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry 28 and to mail a copy of this Order to the individuals at the addresses listed below. Mr. Troy shall then immediately provide a copy of this Order to Plaintiff.

SO ORDERED.

Dated: June 21, 2016
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

13

A copy of this Order shall be mailed to:

1. John Troy, Esq.
   Troy Law, PLLC
   41-25 Kissena Boulevard Suite 119
   Flushing, NY 11355

2. Min Hui Ye, Esq.
   440 E. 79th Street, #9f
   New York, NY 10075

3. Stephen B. Irwin, Esq.
   59-14 146th Street
   Flushing, NY 11355

4. Clement A. Francis, Esq.
   822 Clarkson Avenue, 2nd Floor
   Brooklyn, NY 11203